UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KELLY NAROWSKI,

    Plaintiff,

                                      CASE NO:

vs.

DAVID P. SCOTT,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Kelly Narowski ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues David P. Scott, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the District of Kansas pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the District of Kansas.

3.    Plaintiff, Kelly Narowski (hereinafter referred to as "Narowski") is a resident of Leavenworth, Kansas, and is a qualified individual with a disability under the ADA. Narowski has what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffered a spinal injury and requires the use of a wheelchair for mobility. Prior to instituting the instant action, Narowski has visited the premises at issue in this matter, and was denied full, safe and

equal access to the subject property of Defendant due to its lack of compliance with the ADA, and more specifically, those barriers listed in Paragraph 11, below, that Narowski personally encountered. Narowski continues to desire and intends to regularly visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant David P. Scott is an individual, over the age of majority, who resides in Lansing, Kansas. Upon information and belief, David P. Scott (hereinafter referred to as "SCOTT") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the building containing Fifth Street Hair Depot located at 400 South 5th Street, Leavenworth, Kansas (hereinafter referred to as the "Shop").

5. All events giving rise to this lawsuit occurred in the District of Kansas.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Shop owned by SCOTT is a place of public accommodation in that it is a retail beauty shop operated by a private entity that provides goods and services to the public.

8. Defendant SCOTT has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Shop in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Shop owned by SCOTT. Prior to the filing of this lawsuit, Plaintiff visited the Shop at issue in this lawsuit in July. 2021, and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the barriers listed in Paragraph 11, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to regularly visit the Shop, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Shop in violation of the ADA. Narowski has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. SCOTT is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) There is no accessible route provided to enter the Shop due to an abrupt change in level at the entry door that is approximately 5 inches in height that is not ramped as necessary for a wheelchair user to enter.

(ii) There is a parking area adjacent to the Shop that contains no accessible or van accessible parking spaces.

(iii) All other tenant spaces within the building shared by the Shop contain abrupt changes in level to enter that are similar to that at the Shop that are not ramped as necessary for a wheelchair user to enter.

12. There are other current barriers to access and violations of the ADA at the Shop owned and operated by SCOTT that were not specifically identified herein as the Plaintiff is not

required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, SCOTT was required to make its Shop, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, SCOTT has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by SCOTT pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against SCOTT and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by SCOTT is violative of the ADA;

    B. That the Court enter an Order directing SCOTT to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing SCOTT to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

      D.      That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

      E.      That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 26th day of October, 2021.

                            */s/ David P. Calvert*
                            David P. Calvert
                            Kansas State Bar No.: 06628
                            532 N. Market Street
                            Wichita, Kansas 67214
                            Telephone:  (316) 269-9055
                            Email: lawdpc@swbell.net

### Designation of Place of Trial

Plaintiff designates Wichita, Kansas, as the place of trial.

                            DAVID P. CALVERT, P.A.

                            By: /s/ David P. Calvert
                                David P. Calvert, #06628